IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

CURLY HILL,

           Plaintiff,

v.                                  CIVIL ACTION NO.: 4:10cv8

MICHAEL J. ASTRUE,
           Commissioner of Social Security

           Defendant.

FILED FEB -7 2011 CLERK, U.S. DISTRICT COURT NORFOLK, VA

*ORDER*

This matter is currently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the Final Decision of the Commissioner is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Curly Hill brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the decision of the Commissioner of Social Security, denying Plaintiff's claims for disability insurance benefits ("DIB"), pursuant to Section 423 of the Social Security Act. 42 U.S.C. § 423 (2006). On April 7, 2010, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court entered an order designating United States Magistrate Judge F. Bradford Stillman ("Magistrate Judge Stillman") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter. On December 2, 2010, Magistrate Judge

1

Stillman filed his Report and Recommendation ("Report"), in which he recommended that the Plaintiff's Motion for Summary Judgment be **DENIED**; that Defendant's Motion for Summary Judgment be **GRANTED**; and that the final decision of the Commissioner be **AFFIRMED**. The Report also advised the parties of their right to file written objections to the findings and recommendations of the Magistrate Judge. The clerk mailed all of the parties copies of the Report. On December 16, 2010, Plaintiff filed an Objection to the Magistrate Judge's Report. On January 3, 2011, Defendant filed a Response to Plaintiff's Objection. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge, thus satisfying the requirements of Article III."). Under de novo review, "the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). When conducting a "de novo" determination, as that term is used in Rule 72, a district court judge must give "fresh

2

consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") was not required by the specific facts of the case to evaluate or explain the weight given to Plaintiff's testimony. Specifically, Plaintiff argues that due to the lack of medical treatment administered while Plaintiff was incarcerated, the ALJ had an ethical duty to consider Plaintiff's testimony regarding the lack of treatment he received while incarcerated. This Court has carefully and independently reviewed the record in this case and Plaintiff's objection to the Report. Having done so, the Court finds that there are no meritorious reasons to sustain Plaintiff's objection.

A claimant for disability benefits bears the burden of proving the existence of a disability.

3

*Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *see also* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). Furthermore, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . .; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which . . . would lead to a conclusion that the individual is under a disability." 42 U.S.C. § 423(d)(5)(A); *Craig*, 76 F.3d at 591 ("[S]ubjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant."). Thus, the determination of whether a person is disabled is a "two-step process;" first, there must be objective medical evidence showing the existence of a medical impairment; and second, there must be an evaluation of the extent to which the claimant's pain affects his ability to do work. *See id.* at 594-95. At the first step, the ALJ must consider all medical evidence in the record, but it is only at the second step that the ALJ must take into account the claimant's statements about his pain. *Id.* at 595.

In this case, the ALJ did not find any medical evidence to support the existence of a medically determined impairment prior to Plaintiff's date last insured ("DLI"). The Court finds that the ALJ's determination that Plaintiff failed to establish the presence of a medical impairment was supported by substantial evidence. None of the medical evidence in the record between January 1, 1998, Plaintiff's alleged disability onset date, and September 30, 2000, Plaintiff's DLI, indicates the existence of any medical impairment which could reasonably be expected to produce the symptoms that Plaintiff alleges. In fact, mental health screenings

4

performed by Dr. Robert E. Fisher, Dr. Terry Callison, and Dr. T. Matters on July 29, 1998, August 21, 1998, and August 3, 1999, respectively, indicated that Plaintiff was not displaying any symptoms of mental disorder and had not been diagnosed with any mental health impairments, nor was he receiving any psychotropic medications. R. at 448, 446-47, 445. Furthermore, on June 26, 2000, Plaintiff was evaluated by a psychologist after prison nursing staff reported that Plaintiff might be suffering from depression. However, after conducting the evaluation, the psychologist concluded that Plaintiff did not display any overt psychiatric symptoms and was not severely depressed. R. at 444. While Plaintiff presented medical evidence indicating that he suffered from some psychological impairments, the earliest date for which evidence of his psychological impairment was available was 2004, which was long after Plaintiff's DLI, and no other medical evidence was presented to suggest any impairments prior to September 30, 2000.

As Magistrate Judge Stillman noted in his Report, the ALJ is required to find documented medical signs and laboratory findings which demonstrate an impairment before Plaintiff's DLI, prior to addressing the second step in the analysis, which requires an evaluation of Plaintiff's testimony. There was no such documented medical evidence presented at the hearing which would indicate that Plaintiff suffered from a medical impairment prior to his DLI. Accordingly, the ALJ's finding that Plaintiff was not under a disability at any time between January 1, 1998 and September 30, 2000 is supported by substantial evidence in the record. Thus, the Court finds that the Plaintiff has raised no grounds warranting this Court's departure from the recommendations as stated in Magistrate Judge Stillman's Report.

## IV. CONCLUSION

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed December 2, 2010. Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the counsel and parties of record.

**IT IS SO ORDERED.**

/s/
**Raymond A. Jackson**
**United States District Judge**

Norfolk, Virginia
February 7, 2011